ELISHA FREEMAN et al., Appellants, v. GUSTAVUS W. MORSE, Appellee.

### APPEAL FROM KANE.

The purchaser of goods at a sheriffs' sale, which have been receipted for to him, is the owner of such goods, and may replevy them.

THIS was an action of assumpsit. The declaration contained but one count, which was for money had and received. There was a plea of the general issue and a replication.

The bill of particulars filed with the declaration, stated an account for money had and received, $1,000, and claiming $700 for a note made by G. W. P. & A. H. Bowman, to one Harris Hoyt, and by him assigned in blank, to the plaintiff below, but appellee in this court.

The appellants had a judgment against Harris Hoyt, and the appellee gave them the said note against the Bowmans, for collection, with the express understanding that whatever might be collected upon it should be applied in satisfaction of the judgment against Harris Hoyt. The appellants enforced their judgment against Hoyt by sale of his goods on an execution, which was returned satisfied. The appellants also collected three hundred dollars or thereabouts on the note of the Bowmans, which was not applied in any way in satisfaction of the judgment in their favor against Harris Hoyt. Morse brings this action to recover from appellants whatever sum they received from the Bowmans upon the note. The appellants resist this claim by an attempt to show that a melodeon, a carpet and some other articles bought by them at the sale of Hoyt's goods on their execution, were not delivered by Hoyt. The cause was heard before I. G. WILSON, Judge, and a jury, at January term, 1858, of the Kane Circuit Court. There was a verdict and judgment for appellee in the Circuit Court, for $318.33 and costs.

EASTMAN, BEVERIDGE & LUMBARD, for Appellants.

T. C. MOORE, for Appellee.

BREESE, J. This case lies in a small compass, although the papers are voluminous. The record shows quite plainly, that the appellants here are seeking a double satisfaction of the debt due them from Harris Hoyt.

It appears this note on the Bowmans was payable to Hoyt, and he had assigned it in blank to Morse, and Morse had de-

livered it to the appellants with directions to appropriate it on the judgment they held against Harris Hoyt. That after collecting a portion of it, they caused an execution on their judgment to be issued against Harris Hoyt's property, and coerced the collection of the debt.

Of course, then, Morse had a clear right of action to recover of the appellants the amount of the Bowman note.

But the appellants say, they did not get all the property of Hoyt that they bid off at the sale; that Hoyt kept a carpet and melodeon which he refused to deliver up to them, saying "appellants had a note of his which was to be applied on this judgment, and if he delivered up these things they would get pay twice." Appellants had receipted to the sheriff for these articles, and by the purchase at the sheriff's sale, they became to all intents and purposes the owners of them, and they could have replevied them out of Harris Hoyt's possession.

They did not choose to do so, but attempt to set up this fact, the detention by Harris Hoyt of the carpet and melodeon, against the claim of Morse for the value of the Bowman note, which they had released and given up to Bowman. This they cannot do.

In looking into the evidence, we think it fully sustains the verdict, and there does not appear to be any substantial objections to the instructions.

The judgment is affirmed.

*Judgment affirmed.*